1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

12   JAY T. and ANNE M.-T., individually,          No.  2:16-cv-00136-MCE-AC
     and as guardians ad litem for M.M.-T.,

13
                      Plaintiffs,

14                                                  **MEMORANDUM AND ORDER**
          v.

15
     SACRAMENTO CITY UNIFIED

16   SCHOOL DISTRICT,

17                    Defendant.

18

19         Through the present motion, Plaintiffs Jay T. and Anne M.T. ("Plaintiffs") seek

20   attorneys' fees and costs they incurred in litigating whether Defendant Sacramento City

21   Unified School District ("the District") provided a free and appropriate public education to

22   their minor daughter, M.M.-T., in accordance with the provisions of the Individualized

23   Disability Education Act ("IDEA").  Plaintiffs ultimately prevailed in part following a ten-

24   day hearing conducted by the Office of Administrative Hearings ("OAH").  They now

25   claim entitlement to fees and costs incurred both in those proceedings and in the present

26   lawsuit, and the District disputes the extent to which it is obligated to reimburse the

27   ///

28   ///

                                            1

relevant expenses.  As set forth below, Plaintiffs' Motion for Attorneys' Fees is

GRANTED, in part.[1]

**BACKGROUND**

According to the Complaint, Plaintiffs' daughter, M.M-T., who is now 13 years old,

is eligible for special education services under the category of autistic-like behaviors.

For the fifth grade, she was enrolled at the District's Theodore Judah School in a

mainstream class with an aide and various additional services provided pursuant to IEPs

developed in February of 2012 and January 2013.

Ultimately, Plaintiffs became dissatisfied with M.M-T's academic progress and

decided to enroll her in a home school charter program for the 2013-14 year, with

instruction provided primarily by M.M-T's mother.  Beginning in the fall of 2013, the child

began to demonstrate pronounced mental/emotional issues, including delusional and

paranoid thinking as well as aggressive and sometimes violent outbursts.  As a result,

Plaintiffs decided to move her back to Theodore Judah and put school officials at the

school on notice of the child's changed mental condition.  In May 2014, M.M-T had to be

hospitalized after she attacked her parents at home.  Plaintiffs allege, and the OAH

hearing officer ultimately determined, that despite this mental regression, school officials

failed to take proper steps to assure that M.M-T was reexamined or to prepare an

adequate new IEP that addressed her mental illness.  Ultimately, Plaintiffs decided to

enroll M.M-T at Springstone, a special school for autistic children in Lafayette, California.

M.M-T began attending Springstone in August 2014 and repeated the sixth grade there.

Initially both the District and Plaintiffs requested a due process hearing as to their

respective placement obligations.  A settlement was reached between the two sides in

February of 2015 for the sum of $55,000, but the District's Board ultimately rejected that

_____

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).

1    parties' agreement.  Plaintiffs' due process request went to hearing in April 2015 after

2    the District dismissed its own due process request shortly before the hearing was to

3    start.

4        Prior to the hearing, Plaintiffs dropped their request for prospective

5    reimbursement from the District for ongoing educational costs.  This was because in

6    2015 they moved from Sacramento to Lafayette, thereby excusing the District from any

7    further FAPE obligation.  Plaintiffs nonetheless continued to request tuition

8    reimbursement for the 2014-15 year at Springstone, as well as reimbursement for the

9    cost of an independent mental examination and for rent and associated costs incurred in

10   temporarily securing rental housing in Lafayette before they decided to move to the Bay

11   Area permanently.  Plaintiffs also challenged the IEP in place during the 2012-13 school

12   year on numerous grounds.

13       Following a ten-day administrative hearing, the OAH hearing officer ultimately split

14   the issues she decided between Issue One (2012-13) and Issue Two (2013-14 and

15   2014-15).  She decided that the IEPs in place for the 2012-13 school year were

16   adequate and found in favor of the District on that issue.  Well over half of the hearing

17   officer's 57-page decision is devoted to an analysis of the 2012-13 school year, and

18   according to defense counsel, about half of the time spent in hearing related to that year

19   as well.  The hearing officer also found, however, that the District nonetheless failed to

20   appreciate the severity of the student's mental issues in 2014 and thus failed to offer a

21   FAPE that addressed those issues.  Because placement at a private school was

22   ultimately deemed beneficial, she determined that Plaintiffs should be entitled to

23   reimbursement of some $24,000.00 for an initial year's tuition at Springstone.  About

24   $6,000.00 in rent and other costs were also awarded as well as reimbursement for a

25   mental health exam costing upwards of $5,000.00.[2]  Plaintiffs were deemed the

26   prevailing party as to Issue Two.

27   _____

28   [2] Inasmuch as neither party appealed the OAH decision, it would appear these amounts have been paid.  See Compl., ¶ 21.

1    On January 21, 2016, Plaintiffs filed the present action seeking recovery of

2  attorneys' fees incurred in the due process hearing after Plaintiffs' attempt to settle their

3  fee claim failed.  On June 3, 2016, nearly six months after this action was instituted, the

4  District made, pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), an Offer of

5  Judgment in the amount of $85,000.00 to settle Plaintiffs' fee claim.  That Offer was not

6  accepted and, on August 31, 2016, Plaintiffs filed the Motion for Attorneys' Fees

7  presently before the Court.  Plaintiffs ask that they be reimbursed $148,575.00 for fees

8  incurred in the administrative hearing, as well as $21,567.50 for attorneys' fees incurred

9  to date in the instant litigation and $464.35 in costs for a total of $170,606.85.

10

11  **STANDARD**

12

13    The IDEA authorizes an award of reasonable attorneys' fee, in the court's

14  discretion, as part of the costs to a prevailing party who is the parent of a child with a

15  disability.  20 U.S.C. § 1415(i)(3)(B)(i).  The appropriate amount of the fee award is

16  based on the "degree of success" obtained.  Hensley v. Eckerhart, 461 U.S. 424 (1983);

17  Aguirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006).  Consideration of

18  just what was achieved through litigation is "particularly crucial" where a prevailing party

19  success on only some of his or her claims for relief.  Hensley, 461 U.S. at 434.  In such

20  an instance, the court must make the following inquiry:  "First, did the plaintiff fail to

21  prevail on claims that were unrelated to the claims on which he succeeded?  Second,

22  did the plaintiff achieve a level of success that makes the hours reasonably expended a

23  satisfactory basis for making a fee award?"  Id.

24

25  **ANALYSIS**

26

27    The OAH decision identified a very clear deterioration in M.M-T's condition such

28  that her entitlement to special education services in 2012-13 before that deterioration

4

1   was completely different than her needs thereafter.  Consequently, the Court cannot

2   agree that issues pertaining to the 2012-13 school year IEP, on which the District

3   prevailed, had to be fully developed by Plaintiffs for them to prevail on issues presented

4   thereafter for 2013-14 and 2014-15 (for which Plaintiffs were the prevailing parties).[3]

5   Therefore, it would appear that some reduction of the attorneys' fees sought by Plaintiffs

6   is in order, despite the fact that Plaintiffs prevailed on what appears to have been the

7   most significant issue presented by the hearing; namely, their entitlement for special

8   education funding for their daughter's placement at a non-public school (Springstone) for

9   the 2014-15 school year, and reimbursement for related living and transportation

10  expenses.[4]

11      The District argues that Plaintiffs' fees should be reduced by at least 50 percent,

12  and possibly up to 60 or 70 percent.  Given the fact that some background information

13  had to be introduced as to M.M-T's circumstances prior to the 2013-14 school year,

14  however, the Court finds that request to be overstated.  In prevailing on issues pertaining

15  to the 2013-14 and 2014-15 school years, the District's failure to provide a free and

16  appropriate public education during those time parameters is double the period of time,

17  in 2012-13, when they did so.  Moreover, aside from the District's claim that the issues

18  on which it prevailed were distinct from those where Plaintiffs prevailed, it is significant to

19  note that the fundamental underpinnings of Plaintiffs' fee request are largely

20  unchallenged.  The District does not take issue with the time Plaintiffs' counsel spent;

21  indeed, they paid their own counsel $147,871 to defend the claims which makes it hard

22  to argue that Plaintiffs' counsel overlitigated the case in incurring 148,575.00 in fees.

23  Nor does the District argue that Plaintiffs' lead counsel hourly rate of $425.00 was

24  _____

25      [3] Plaintiffs argue that a full fee award may be warranted even with respect to non-prevailing areas
    when both sets of claims involve a "common core of facts" or are "based on related legal theories, on

26  grounds that much of counsel's time must necessarily "be devoted generally to the litigation as a whole".
    See Aguirre, 461 F.3d at 1122-23 (Pregerson, J. concurring).

27      [4] By the time the due process hearing started in April of 2015, it appears that Plaintiffs no longer
    sought prospective placement at Springstone.

28

1    excessive or dispute that counsel, F. Richard Ruderman, incurred the lion's share of

2    billable hours.[5]  The only argument the District does make is that two associates with five

3    and six years of experience in special education issues should not have been billed at

4    the $250.00-300.00 range.  Those hours were relatively minimal, however, and in the

5    Court's view that reduced hourly rate takes into account their junior status.

6          Given Plaintiffs' failure to prevail on Issue One (those issues pertaining to the

7    2012-13 school year), and having reviewed the record in its entirety, in the exercise of its

8    discretion the Court believes that a reduction of 33 percent in the total attorneys' fees

9    and costs sought by Plaintiffs' counsel is proper.  That reduction takes into account the

10   fact that Plaintiffs prevailed on their key objective in suing the District (their entitlement to

11   reimbursement for the cost of M.M-T's placement at Springstone in 2014-15) as well as

12   the fact that they prevailed on issues pertaining to both the 2013-14 and 2014-15 school

13   years.  The Court is unpersuaded by the District's attempt either to numerically quantify

14   the number of issues presented, or to suggest that Plaintiffs' entitlement to fees should

15   somehow be based on the pages in the hearing officer's decision related to Issue One

16   as opposed to Issue Two.  Most telling in the Court's view is the fact that the time spent

17   in hearing was roughly evenly divided between Issues One and Two.  After taking into

18   account the fact that some background information had to be obtained in developing

19   Plaintiffs' circumstances prior to 2013-14, the Court finds a 33 percent reduction to be

20   equitable.  That reduces the $148,575.00 claimed by Plaintiffs' counsel by $49,029.75 to

21   a total net recovery of $99,545.25 for fees incurred in the administrative proceeding.

22         With respect to the $21,567.50 sought in attorneys' fees incurred in bringing the

23   present lawsuit in this Court, the District contends that any amount recovered must be

24   reduced by those fees incurred after June 3, 2016, when the District filed its Rule 68

25   ///

26   ///

---

27   [5] The Court notes that the District has made various objections to Mr. Ruderman's declaration.  To
     the extent the Court has relied on that Declaration in reaching its decision herein, those objections are
28   overruled.  Plaintiffs' objections to the Declaration of Sarah Garcia are overruled on the same basis.

1    Offer of Judgment in the amount of $85,000.00.[6]  The District's argument in that regard,

2    however, necessarily depends on Plaintiffs having obtained less in continuing to litigate

3    this case that they would have received had they accepted the $85,000.00 offer.

4    Because the fees being awarded by this Motion alone exceed $85,000.00,[7] no fees

5    reduction under Rule 68 is appropriate as to the additional $21,567.50 sought as

6    attorneys' fees incurred in the present matter.

7           As a final matter, the Court notes that the papers submitted in support of and in

8    opposition to this motion contain considerable argument with regard to the District's

9    alleged failure to respond to a public records request for its document pertaining to this

10   matter before the present action was instituted.  Plaintiffs claim, and the District

11   concedes, that the District initially failed to respond to Mr. Ruderman's initial request,

12   made on October 22, 2015.  The District did comply, however, on February 29, 2016,

13   after Plaintiffs filed the present suit and at a point even prior to the District's answer

14   being due.  There is no evidence before the Court that Plaintiffs followed up or inquired

15   as to the status of their request in the relatively short intervening period.  Under those

16   circumstances, the Court declines to make any judicial determination that the District

17   violated California's Public Records Act pursuant to Government Code § 6529.

18   ///

19   ///

20   ///

21

22          [6] Aside from this contention, the only other argument posited by the District for a reduction of the
     fees incurred in litigating the present fees action is that the hourly fees of two associates who worked on
23   the case should be downward adjusted.  See Decl. of Gabriela Flowers, ¶ 10, Ex. C.  As discussed above,
     however, that argument has already been rejected.

24          [7] It is unclear whether the District had paid those amounts ordered by the hearing officer at the
     time it served its Offer of Judgment, although as indicated above it appears that issue is now resolved.
25   The Offer to Compromise itself refers, in addition to attorneys' fees, "damages and remedies for all alleged
     injuries of any nature now accrued or otherwise recoverable arising from the facts alleged in this action."
26   See Offer of Judgment, Ex. D to the Flowers Decl., 2:2-3.  On its face, this language would appear to
     include the relief ordered by the hearing officer.  If the roughly $35,000.00 in reimbursement for M.M-T's
27   placement at Springstone and related expenses is added to the administrative hearing attorneys' fees
     awarded by this motion, the discrepancy between Plaintiffs' ultimate recovery and the amount of the Offer
28   of Judgment obviously becomes even more marked.

**CONCLUSION**

Based on all of the foregoing, Plaintiffs' Motion for Attorneys' Fees (ECF No. 21) is hereby GRANTED in part as follows:

1.  Attorneys' fees are awarded to Plaintiffs in the amount of $99,545.25 for attorneys' fees incurred in the underlying administrative due process proceeding.

2.  Attorneys' fees are awarded in the sum of $21,567.50 for fees incurred in litigating the present action.

3.  Costs expended in this action are awarded in the amount of $464.35.

4.  Total attorneys' fees and costs are therefore awarded to Plaintiffs in the sum of $121,577.10.

IT IS SO ORDERED.

Dated:  July 20, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE